## THE HARRY HOWARD.

### No. 855.

District Court, D. Massachusetts.

Sept. 26, 1941.

George L. Dillaway, of Boston, Mass., for libellant.

Thomas H. Walsh, of Boston, Mass., for claimant.

SWEENEY, District Judge.

This is an action in admiralty wherein the libellant seeks recovery for injuries sustained by reason of the alleged unseaworthiness of the Barge "Harry Howard".

### Findings of Fact.

The libellant was hired as captain of the Barge "Harry Howard", and made three trips between Brooklyn, New York, and Plymouth, Massachusetts, and Boston, Massachusetts. The only other member of the crew was a donkeyman who was paid by the libellant. When the libellant first went aboard the "Harry Howard", it was badly in need of minor repairs, and he set about repairing deck hatches and coamings. On August 15, 1939, acting under instructions from the owner, in attempting to dispose of some coal in an afterhatch, he fell through the hatch, and was injured. The location of the hatch was beneath the wheel house on the port side, and was accessible through a lazaret on the starboard side of the boat. In approaching the hatch, the precise location of which he did not know, he stepped on the hatch cover which gave way, and he fell through, receiving three broken ribs, abrasions and contusions. Approaching the hatch, through which he fell, he was guided by the light from a flashlight in his hand, but was somewhat blinded by reason of coming into the dark from the bright sunlight outside. Anticipating that the hatch was just where he found it, he, nevertheless, proceeded in the blinding light, and in this respect was negligent, and his negligence contributed to his injuries. I find as a fact that the hatch cover through which he fell was old and worn, and did not properly protect the space beneath it. In other words, it was not properly secured and based so as to make it a safe and reasonable place to work, and this defect, being concealed, the barge was unseaworthy in this respect.

### Conclusions of Law.

From the above, I conclude that this man was a seaman within the meaning of the Admiralty Act so as to give this court jurisdiction of the case. I find and rule that he is entitled to recover as cure and maintenance the sum of $360. I find that he is entitled, by reason of the unseaworthiness of the boat, to recover reasonable damages. I also find that his own negligence contributed to his injuries. From the foregoing, I find and rule that, in addition to his cure and maintenance of $360,

he is entitled to recover an additional $440 as his damages.

A decree in accordance with the above may be submitted without costs.